### Richmond

## W. W. OLD, JR. v. COMMONWEALTH OF VIRGINIA.

December 3, 1951.

Record No. 3837.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Rixey & Rixey,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal of right taken by W. W. Old, Jr., an attorney, from the judgment of a three-judge court, convened pursuant to section 54-74 of the Code, suspending his right to practice law for a period of two years from October 24, 1950, the date of the order. The error assigned is that the judgment was excessive and too severe.

The appellant has been treasurer of Bonney Home for Girls since 1921. The charter of that corporation provides that it shall make to the Court of Law and Chancery of Norfolk, annu-

ally, a report of its transactions and financial condition. When Judge J. Hume Taylor was appointed to that court in 1949 he learned that no report had been filed since 1943. At his direction reports were filed for 1949 and the five years preceding. Thereafter, for reasons subsequently testified to by him, he filed a written complaint against appellant with the Second District Committee of the Virginia State Bar (Rule IV of Va. State Bar, § 13). That committee heard evidence and filed its report stating it was of the unanimous opinion that the evidence was sufficient to justify a charge of disbarment, suspension or other disciplinary action. A rule was issued on which appellant was tried and found guilty as charged.

By agreement the case was heard by the court upon the evidence before the committee and its report thereon, together with a letter dated October 9, 1950, from the attorney for the Bonney Home for Girls, stating that its claim against appellant in the sum of $2,473.56 had been paid.

The testimony of Judge Taylor was in substance this: When the reports were filed on November 3, 1949, he referred them to one of the court's commissioners, who filed a report listing all the assets owned by the Home. The commissioner stated in his report that some of the notes had not been exhibited to him, including a note made by Jennie M. Williamson dated October 10, 1932, with respect to which the commissioner reported: "This note was not in the lockbox nor examined by your Commissioner. The Treasurer stated that it had been removed and both principal and interest would be paid within three weeks from February 23, 1950."

The court then entered an order requiring Old, treasurer of the Home, to appear on March 25, 1950, and exhibit the missing notes. Old appeared and exhibited or accounted for all except the Williamson note, which the reports filed by him indicated was for $1,000, with interest from December 10, 1935. He stated that he could not account for that note; that it had been misplaced or lost; that it was secured by a deed of trust conveying property in Portsmouth and that he would look further for it. He did not mention what he had said to the commissioner, as above quoted.

Upon examination of the records, Judge Taylor found that the deed of trust securing the Williamson debt conveyed property in Portsmouth and also in Princess Anne county; that the

Portsmouth property had been released by a release deed from Old and the Home dated October 1, 1940, in which it was stated that there had been paid to the Home "a part of said indebtedness." Old later told Judge Taylor that $800 had been received by him for the release of the Portsmouth property. The records of Princess Anne county showed there had been a sale of the property there under the deed of trust at the price of $1,300. Judge Taylor also found that instead of one note for $1,000, there were three notes, one for $500 and two for $250 each.

According to the reports filed by Old, Mrs. Williamson had paid the interest on her indebtedness to December 10, 1935, but there was no mention in any of these reports of any payment ever having been made subsequent to that date, and no reference to any money having been received from the Portsmouth property in 1940 or from the Princess Anne property in 1946. The reports filed by Old all continued to show as an asset of the Home a Williamson note of $1,000, with interest from December 10, 1935.

The commissioner testified that he was ordered by the court to audit the reports which had been made up and filed by appellant, which he found it almost impossible to do because of the grouping of items. He thereupon secured and checked appellant's journal books and found them to be accurate "so far as the items were concerned," but he said that while the Williamson note was carried on those books as an asset, there was no entry of either the Portsmouth release or the Princess Anne foreclosure.

Appellant admitted having received $800 from the Portsmouth property in 1940 and $1,300 from the Princess Anne property in 1946. He admitted also that he had not paid over or accounted for this money to those entitled to it. He filed statements showing payment of taxes, commissions, and expenses, but no payment of the balance of the money. He referred in these statements to his account book as attorney and testified that he made entries of those receipts on that account book. The notation of the receipt of the $800 was dated October 24, 1940, which he said was the exact date he received it. The release deed for that property was dated October 1, 1940, as stated. His explanation for not paying over the $800 from the Portsmouth property was that he agreed with Mrs. Kirn, devisee of Mrs. Williamson, that he would keep it until the Princess Anne property was sold. He said that when he sold the Princess

Anne property in 1946 he did not then make an accounting because Mrs. Kirn was dead and he could not find the note. He said that he understood Mrs. Kirn had died three years ago, which would be about a year after the sale of the Princess Anne property. He did not find the note, he said, until about the first of May, 1950, when he accidentally found it "stuck up in one corner," apparently referring to the lockbox which he and the commissioner had examined without finding it. He then took it around and showed it to Judge Taylor. The note he showed Judge Taylor was for $500.

Appellant, in his brief, concedes that he was guilty of negligence, delay and procrastination, which he says was all that was charged and all that was proved.

The report and complaint of the Second District Committee was that the evidence heard by it disclosed that appellant had collected in 1940 and 1946 the funds referred to and up to May, 1950, had not accounted for them to the owners. The committee reported its unanimous opinion that the evidence justified disciplinary action. The rule that was issued and served upon appellant informed him that the committee had reported that he was "guilty of such conduct as would justify the revocation or suspension of his license." The report of the committee and the rule were not an indictment, and the proceeding thereon was not a criminal proceeding. *Campbell* v. *Third District Committee,* 179 Va. 244, 249, 18 S. E. (2d) 883, 885. The appellant was adequately informed that he was charged with conduct in reference to the Williamson transactions sufficient to justify the revocation or suspension of his license. That was a charge that his conduct in that respect had been "unlawful or dishonest or unworthy or corrupt or unprofessional." Code, § 54-74.

The evidence presented warranted the conclusion that more than negligence and delay was involved; that the explanation offered was not convincing; that a purpose to conceal had been shown, and that the conduct complained of was not accounted for on a theory of mere neglect.

The judgment of suspension did not become effective because a *supersedeas* was granted with the appeal. The judgment suspending appellant's license to practice law in this State for the period of two years is affirmed, but the suspension shall run from the date of the order of this court. As so modified, the judgment below is affirmed.

*Modified and affirmed.*